Town of Montezuma v Smith (2024 NY Slip Op 06433)

Town of Montezuma v Smith

2024 NY Slip Op 06433

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, NOWAK, AND KEANE, JJ.

629 CA 23-01675

[*1]TOWN OF MONTEZUMA, PLAINTIFF-RESPONDENT,
v
SHEILA P. SMITH, DEFENDANT-APPELLANT. 

HANCOCK & ESTABROOK, LLP, SYRACUSE (ALAN J. PIERCE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAMARDO LAW FIRM, P.C., AUBURN (KEVIN M. COX OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered March 29, 2023. The order, insofar as appealed from, granted the motion of plaintiff insofar as it sought summary judgment granting an injunction and assessing a fine. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the motion is denied insofar as it sought an injunction and a fine.
Memorandum: Plaintiff commenced this action seeking, inter alia, injunctive relief against defendant, the owner of a junkyard. Plaintiff moved for summary judgment enjoining defendant from operating her junkyard until she applies for and is granted a license to operate a junkyard pursuant to General Municipal Law § 136, assessing a fine of $100 per week from October 23, 2020, through October 23, 2022, for a total of $10,400, and dismissing defendant's counterclaims. Defendant opposed the motion, contending, inter alia, that General Municipal Law § 136 is not applicable. Defendant appeals, as limited by her brief, from those parts of an order that granted plaintiff's motion insofar as it sought the injunction and fine. We reverse the order insofar as appealed from.
"It is well settled that regulation of junk dealers is a valid exercise of the police power of the State" (Matter of Bologno v O'Connell , 7 NY2d 155, 158 [1959]). On appeal, the parties dispute whether General Municipal Law § 136 applies to junkyards located within plaintiff. That statute provides that it "shall not be construed to . . . supersede . . . ordinances or local laws for the control of junk yards . . . and shall not be deemed to apply to any municipality which has any ordinance or local law or regulation to license or regulate junk yards" (General Municipal Law § 136 [12]).
We agree with defendant that General Municipal Law § 136 is inapplicable to plaintiff's regulation of her junkyard inasmuch as plaintiff has a local "zoning ordinance[] . . . for the control of junk yards . . . in effect" (General Municipal Law § 136 [12]). Plaintiff's Zoning Ordinance, among other things, defines the term "Junkyard," establishes Zoning Districts, including, as relevant here, an "Agricultural/Residential District" and an "Industrial Zoning District," provides that a junkyard is allowed only in an Industrial Zoning District and only with a Special Use Permit, and governs the application for and issuance of Special Use Permits. Plaintiff therefore effectively implemented an "ordinance or local law or regulation to license or regulate junk yards" (General Municipal Law § 136 [12] [emphasis added]). It is of no moment that plaintiff's Zoning Ordinance did not include a specific policy for issuing a license for junkyards; the Ordinance prohibited junkyards, except in an Industrial Zoning District, and, within that, only through a Special Use Permit. By dictating in which zoning district a junkyard may legally operate and establishing requirements for junkyards, the Ordinance regulated junkyards within the meaning of General Municipal Law § 136 (12).
In light of our determination, we need not consider defendant's remaining contentions.
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court